UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PABLO BAUER,

    Plaintiff,

vs.                              Case No.   2:09-cv-293-FtM-29DNF

SGT. GATTO, et al.,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of the Motions to Dismiss filed on behalf of Defendants Gatto, Tapper and Anderson (Doc. #29, "Gatto Motion"), and Defendant Kinnard[1] (Doc. #30, "Kinnard Motion"). Plaintiff filed responses in opposition to both dispositive motions. See Plaintiff's opposition to Gatto Motion (Doc. #38) and to Kinnard Motion (Doc. #35).

**I. Background**

Plaintiff, who is proceeding *pro se* and incarcerated within the Florida Department of Corrections, initiated this action by filing a civil rights complaint form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint includes eleven pages of exhibits (Doc. #1-1, "Pl's Exhs.") consisting of, *inter alia*, the following: (1) a copy of a December 1, 2008 Disciplinary Report (for an incident that occurred on November 19, 2008 at 8:50); (2)

---

[1] Plaintiff incorrectly spells Defendant "Kinnard's" name as "Kannard" throughout his Complaint.

a copy of a December 1, 2008 Disciplinary Report (for an incident that occurred on November 19, 2008 at 11:12); (3) a January 16, 2009 response, to Plaintiff's administrative appeal or remedy after the disciplinary hearing; and (4) a February 9, 2009 response, to Plaintiff's administrative appeal of the disciplinary hearing.

The Complaint alleges Eighth Amendment violations stemming from events that occurred on November 19, 2008, while Plaintiff was confined at Charlotte Correctional Institution ("Charlotte"). See generally Complaint. Plaintiff names the following Defendants in both their official and individual capacities: correctional officers employed by the Florida Department of Corrections, Sergeant Gatto, Lieutenant Tapper, Captain Anderson, and mental health counselor, Mrs. Kinnard. Id. at 6-7, 12. As relief, Plaintiff seeks compensatory and punitive damages. Id. at 12.

The following facts are set forth in the Complaint, which are presumed true for purposes of ruling on Defendants' motions. On November 19, 2008, at approximately 8:50 a.m., Plaintiff was in his cell and Defendant Gatto threatened to "kick [his] butt" and gas Plaintiff. Id. at 9. Plaintiff states he "wasn't doing anything." Id. Plaintiff states that Defendant Gatto told him if he did not "stop kicking the door he was going to gass [sic] me" and "kick my butt in the Sally Port . . . were [sic] there's no cameras." Id. Defendant Gatto called Defendant Tapper who called Defendant Anderson to Plaintiff's cell. Id. at 9, 11. Defendant Anderson

told Plaintiff he was "going to get painted like a pumpkin." Id. at 11. At this time, Plaintiff declared that he was in need of mental health services. Id. Defendant Kinnard, a mental health counselor, arrived at Plaintiff's cell and Plaintiff told her that he was "in fear and did not want to come out" of his cell. Id. Plaintiff states that Defendants Gatto and Tapper told Defendant Kinnard to leave. Id. After Defendant Kinnard left, Defendants Gatto, Tapper, and Anderson applied chemical agents on Plaintiff in his cell. Id.

After the officers applied chemical agents, the extraction removed Plaintiff from his cell and ordered Plaintiff to remove all of his clothes to take a shower. Complaint at 11. Plaintiff did not remove his clothes and instead asked for "some time" because he "couldn't breathe." Id. The officers again sprayed chemical agents on Plaintiff while he was in the shower. Id.

According to the first disciplinary report attached to the Complaint, on November 19, 2008 at 8:50 a.m., Plaintiff was "creating a disturbance in the unit by yelling obscenities and threats toward the staff" on the date and time of the incident. December 1, 2009 Disciplinary Report, Doc. #1-1 at 1. The disciplinary report also states that Plaintiff "refused all orders to cease his actions." Id. Consequently, "chemical agents had to be utilized to get [Plaintiff] to cease his actions." Id. at 1-2. The disciplinary team found Plaintiff guilty of the creating a

disturbance, yelling obscenities and threats at staff, and refusing to cease his actions, which necessitated the use of chemical agents, and resulted in thirty (30) days in disciplinary confinement and the loss of thirty (30) days of gain time. Id. at 3.

According to the second disciplinary report attached to the Complaint, on November 19, 2008 at 11:12 a.m., Plaintiff was "secured in the shower" and "creating a disturbance in the unit by yelling obscenities and being argumentative." December 1, 2008 Disciplinary Report, Doc. #1-1 at 4. Plaintiff "refused all orders to cease his actions." Id. Consequently, "chemical agents had to be utilized to get [Plaintiff] to cease his actions." Id. A hand-held camera of the incident reviewed by the disciplinary team members "show[s] that [Plaintiff] was creating a disturbance." Id. at 5. The disciplinary team found Plaintiff guilty of the creating a disturbance, yelling obscenities at staff, and disobeying all orders to cease his actions, which necessitated the use of chemical agents and resulted in thirty (30) days in disciplinary confinement and the loss of thirty (30) days of gain time. Id. at 6.

## II. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d

840, 845 (11th Cir. 2004); Fed. R. Civ. P. 10(c) ("[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Thus, the Court must accept all factual allegations in Plaintiff's Complaint, as well as the facts set forth in the exhibits attached to Plaintiff's Complaint, as true and take them in the light most favorable to Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); see also Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). To satisfy the pleading requirements of Rule 8, a complaint must contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S.Ct. at 1949. "Nor does a complaint suffice if it

tenders naked assertions devoid of further factual enhancement." Id.  Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

With respect to § 1983 cases that involve individuals entitled to assert qualified immunity, the Eleventh Circuit imposes "heightened pleading requirements." Swann v. Southern Health Partners, Inc., 388 F.3d 834, 836-838 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)); Laurie v. Ala. Court of Crim. Appeals, 256 F.3d 1266, 1275-76 (11th Cir. 2001). This heightened pleading standard requires a plaintiff to allege the facts supporting a § 1983 claim with some specificity. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367, 1368 (11th Cir. 1998) (stressing "that the heightened pleading requirement is the law of this Circuit").  Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).  Nevertheless, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

In addition to arguing that they are entitled to Eleventh Amendment immunity for any monetary damages sought against them in their official capacities, Defendants Gatto, Tapper and Anderson seek dismissal of the Complaint on the basis that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Gatto Motion at 1. Further, Defendants submit that Plaintiff's claims for mental or emotional injuries are barred under section 1997e(e), because Plaintiff does not allege any physical injury. Id.

Defendant Kinnard argues, *inter alia*, that Plaintiff fails to allege that her alleged conduct rises to an Eighth Amendment violation. Kinnard Motion at 1. Defendant Kinnard also argues that Plaintiff's claims for mental or emotional injuries are barred under section 1997e(e). Id.

### III. Applicable Law

Section 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To establish a claim under § 1983, plaintiff must prove that: (1) a defendant deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. Arlington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the

defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

A claim challenging unlawful conduct leading to an unconstitutional conviction, including an administrative action while in prison, cannot proceed unless a plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original). The Supreme Court has applied the Heck analysis to claims brought by prisoners challenging disciplinary proceedings. See Edwards v. Balisok, 520 U.S. 641, 643-49 (1997); Roberts v. Wilson, 259 Fed. Appx. 226

(11th Cir. 2007) (affirming district court's § 1915(e)(B)(2)(ii) dismissal of an action pursuant to Heck when plaintiff alleged deprivations of his due process rights during a disciplinary hearing, but never had the disciplinary adjudication invalidated).

As to Defendant Kinnard, the Complaint fails to allege a causal connection between Defendant Kinnard's conduct and any alleged constitutional deprivation. Consequently, the Complaint must be dismissed for failing to state a claim upon which relief can be granted as to Defendant Kinnard.

As to Defendants Gatto, Tapper and Anderson, a judgment in Plaintiff's favor -- that his Eighth Amendment rights were violated either when he was gassed in his cell or in the shower -- would necessarily imply the invalidity of the subject disciplinary charges and Plaintiff's loss of gain time. Plaintiff has not shown that either one of the two disciplinary reports that were attached to his Complaint were expunged, reversed, invalidated, or called into question by the issuance of a federal writ of habeas corpus.[2] Thus, this case will be dismissed without prejudice to Plaintiff's right to refile his claim under 42 U.S.C. § 1983 when he can

---

[2]In his Reply, Plaintiff challenges the disciplinary teams findings. See generally Reply. Additionally, Plaintiff attaches a copy of Rule 33-404.107, that governs the application of chemical agents on "mentally disordered inmates." Id. at 6. Plaintiff does not allege anywhere in his Complaint that he has been diagnosed with a "mental illness" as required by the Rule. See generally Complaint.

demonstrate that the disciplinary reports have been overturned.

ACCORDINGLY it is hereby

**ORDERED**:

1. Defendants Gatto, Tapper and Anderson's Motion to Dismiss Plaintiff's Complaint (Doc. #29) is **GRANTED**.

2. Defendant Kannard's Motion to Dismiss Plaintiff's Complaint (Doc. #30) is **GRANTED**.

3. Plaintiff's Complaint is dismissed without prejudice.

4. The Clerk shall enter judgment accordingly, terminate any pending motions, and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __4th__ day of August, 2010.

_____
JOHN E. STEELE
United States District Judge

SA: hmk

Copies: All Parties of Record